IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| VIRAL DRM, LLC, | § § § | Case No.: 5:23-cv-00590 |
| PLAINTIFF, | § § § | **COMPLAINT** |
| V. | § § § | **DEMAND FOR JURY TRIAL** |
| IHEARTMEDIA INC., | § § § § § § | |
| DEFENDANT. | § § | |

Plaintiff Viral DRM, LLC ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against Defendant IHeartMedia Inc. ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C §501.

2. Third party Ronald Brian Emfinger created a video of a red pickup truck caught in a tornado managing to land upright and drive away (the "Video") in which Plaintiff now owns the rights and licenses for various uses including online and print publications.

3. Defendant owns and operates a social media account on Instagram named as @livewithjoeshow (the "*Account*").

4. Defendant owns and operates a social media account on Instagram named as @onwithmariolopez (the "*Account 2*").

5. Defendant owns and operates a social media account on Facebook named as @KNIXCountry102.5 (the "*Account 3*").

6. Defendant, without permission or authorization from Plaintiff, actively copied

and/or displayed the Video on the Account, the Account 2, and the Account 3 and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

7. Viral DRM, LLC is an Alabama limited liability company and maintains its principal place of business in Talladega County, Alabama.

8. Upon information and belief, Defendant iHeartMedia, Inc., is a Texas corporation with a principal place of business at 20880 Stone Oak Parkway, San Antonio in Bexar County, Texas.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

10. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in Texas.

11. Venue is proper under 28 U.S.C. §1391(a)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

A. **Plaintiff's Copyright Ownership**

12. Plaintiff is a professional video company by trade which is the legal and rightful owner of certain videos which Plaintiff commercially licenses.

13. Plaintiff has invested significant time and money in building Plaintiff's video portfolio.

14. Plaintiff's videos are original, creative works in which Plaintiff owns protectable

copyright interests.

15. On or about March 21, 2022, third party Ronald Brian Emfinger authored the Video. A copy of a screengrab of the Video is attached hereto as Exhibit 1.

16. Emfinger then assigned the rights to the Video in writing to third parties Michael Brandon Clement and Brett Adair.

17. On April 22, 2022, the Video was registered by the USCO under Registration No. PA 2-354-516.

18. Plaintiff then acquired the rights to the Video from Clement and Adair by way of a written transfer agreement, including the rights of copyright enforcement.

19. Plaintiff acquired the rights to the Video with the intention of it being used commercially and for the purpose of display and/or public distribution.

**B.      Defendant's Infringing Activity**

20. The Account, the Account 2, and the Account 3 are each a part of and used to advance Defendant's commercial enterprise.

21. Defendant has exclusive access to post content to its Account, Account 2, and Account 3.

22. The Account, the Account 2, and the Account 3 are each monetized in that they contain paid advertisements and, upon information and belief, Defendant profits from these activities.

23. On or about March 22, 2022, Defendant displayed the Video on the Account as part of a post at URL: https://www.instagram.com/reel/CbaMnQlrvg8/ ("Infringement #1"). A copy of a screengrab of the Account including the Video is attached hereto as Exhibit 2.

24. On or about March 22, 2022, Defendant further displayed the Video on the

Account 2 as part of a post at URL: https://www.instagram.com/tv/CbaHyejDbo7/ ("Infringement #2"). A copy of a screengrab of the Account 2 including the Video is attached hereto as Exhibit 2.

25.     On or about March 23, 2022, Defendant displayed the Video on the Account 3 as part of a post at URL: https://www.facebook.com/watch/live/?ref=watch_permalink&v=457678852749303 ("Infringement #3"). A copy of a screengrab of the Account 3 including the Video is attached hereto as Exhibit 2.

26.     Without permission or authorization from Plaintiff, nor the Plaintiff's predecessors in interest to the copyright, Defendant volitionally copied and/or displayed the Video on the Account, the Account 2, and the Account 3.

27.     Upon information and belief, the Video was copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Video (hereinafter all of the unauthorized uses set forth above are referred to as the "*Infringements*").

28.     The Infringements each include a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5).*

29.     The Infringements are each an exact copy of Plaintiff's original video that was directly copied and displayed by Defendant on the Account, the Account 2, and the Account 3.

30.     Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Account, Account 2, and Account 3, including, but not limited to, copying, posting, selecting, commenting on and/or displaying images including, but not limited to,

Plaintiff's Video.

31.     Upon information and belief, the Video was willfully and volitionally posted to the Account, the Account 2, and the Account 3 by Defendant.

32.     Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States copyright laws.

33.     Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Account, Account 2, and Account 3 and exercised and/or had the right and ability to exercise such right.

34.     Upon information and belief, Defendant monitors the content on its Account, Account 2, and Account 3.

35.     Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

36.     Upon information and belief, the Infringements increased traffic to the Account, the Account 2, and the Account 3 and, in turn, caused Defendant to realize an increase in its advertising revenues.

37.     Upon information and belief, a large number of people have viewed the unlawful copies of the Video on the Account, the Account 2, and the Account 3.

38.     Upon information and belief, Defendant, at all times, had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

39.     Plaintiff created the Video with the intention of it being used commercially and for the purpose of display and/or public distribution.

40.     Defendant's use of the Video, if widespread, would harm Plaintiff's potential market for the Video.

41. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

42. Plaintiff contacted Defendant prior to filing this lawsuit; however the parties were unable to reach an amicable resolution.

## **FIRST COUNT**
### *(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

43. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

44. The Video is an original, creative work in which Plaintiff owns a valid copyright.

45. The Video is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

46. Plaintiff has not granted Defendant a license or the right to use the Video in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

47. Without permission or authorization from Plaintiff, and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed a work copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

48. Defendant's reproduction of the Video and display of the Video constitutes willful copyright infringements.

49. Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Video in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Video without Plaintiff's consent or authority, by using it on the Account, the Account 2, and the Account 3.

50. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is

entitled to any an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each of the infringements pursuant to 17 U.S.C. § 504(c).

51.As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

52.As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

### JURY DEMAND

53.Plaintiff hereby demands a trial of this action by jury.

### PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed upon Plaintiff's rights to the Video in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

a.finding that Defendant infringed upon Plaintiff's copyright interest in and to the Video by copying and displaying it without a license or consent;

b.for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each of the

           infringements pursuant to 17 U.S.C. § 504(c), whichever is larger;

c.

d.     for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

e.     for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

f.     for pre-judgment interest as permitted by law; and

g.     for any other relief the Court deems just and proper.

DATED: May 10, 2023

                                                    **SANDERS LAW GROUP**

                                                    By:   */s/ Craig B. Sanders /*
Craig B. Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 126086

*Attorneys for Plaintiff*